RAFAEL SANTIAGO SOSA, Plaintiff and Appellant, *v.* ANTONIO FERNÓS ISERN, in his capacity as COMMISSIONER OF HEALTH OF PUERTO RICO ET AL., Defendants and Appellees.

No. 9869. Argued June 2, 1949.—Decided December 21, 1949.

*Celestino Iriarte, F. Fernández Cuyar* and *H. González Blanes,*
for appellant. *Vicente Géigel Polanco, Attorney General,*
and *A. Torres Braschi, Assistant Attorney General,* for appellees.

MR. JUSTICE TODD, JR., delivered the opinion of the Court.

Notwithstanding the fact that this case involves an extraordinary remedy, such as mandamus, instituted on September 8, 1943, its prosecution, up to the perfecting of the record on appeal before this Court on August 15, 1949, has delayed nearly six years. The answer was filed almost three years after the petition was notified, that is, on June 14, 1946. The trial was held on that same date and the lower court decided the case one year later, on August 19, 1947, and the procedure on appeal has delayed two years more. We point out these facts because there being involved a petition praying not only for reinstatement of the petitioner to a public office but also for the payment of salaries he failed to receive from July 1, 1943, if the petitioner were not correct with regard to his reinstatement but were correct as to the total amount or part of the salaries he failed to receive, it would imply not only a conflict as to whether or not payment should be ordered if another person has been holding

the position and receiving the salaries—*Géigel* v. *Rivera, Commissioner,* 48 P.R.R. 120, 129—but a serious legal question as to whether courts may grant the alternative remedy of ordering the payment of said salaries. *Matos* v. *Gándara,* 69 P.R.R. 19, 25, and cases cited.

■■ The facts in this case are simple. Petitioner held on June 11, 1943 in the Department of Health (previously known in Spanish as *Departamento de Sanidad;* today, as *Departamento de Salud,* by virtue of Act No. 430 of April 24, 1946) the position of "Officer in Charge of Payrolls." This position was not created by the Legislative Assembly, nor did it exist in the budget of the Department of Health corresponding to the fiscal year 1942–1943, for its salary amounting to $3,000 was paid out of federal funds, that is, from "title V" of the U. S. Public Health Service.[1] Due to the fact that said position was not included in the budget submitted by the Commissioner of Health to the "Children's Bureau"[2] to be effective July 1, 1943 and the position of "Payroll Officer" having been created in the 1943–44 insular budget with a salary of $2,000 per annum, the Commissioner offered said position to the petitioner, who refused it, asking instead to be appointed to the office of "Administrative Assistant in Charge of Payroll Unit" with a salary of $2,500 created in that same budget. After setting forth the preceding facts and specifying the duties of the position of Officer in Charge of Payrolls previously discharged by the petitioner, which would be the same as those of the position of Payroll Officer of the new budget offered to petitioner and the duties assigned by the Commissioner to the office of "Administrative Assistant in Charge of Payroll Unit" also of

---

[1] "Title V" refers to the "Children's Bureau" of said federal service.

[2] There was evidence to the effect that the position was abolished because of certain administrative deficiencies with respect to the "control in the federal funds" because "for 4 years the books of the Department had not been reconciled with the federal funds, in the Insular Treasury Department nor with the Auditor's books." T. of E., p. 57.

new creation and requested by petitioner, the Commissioner of Health consulted with the Civil Service Commission as follows:

"1st—Whether in the opinion of the Commission and considering the different duties of the positions, Mr. Santiago Sosa is entitled to demand that he be appointed to the newly-created office which he claims.

"2d—Whether by virtue of his present classification within the Civil Service, which is 'typist', he would qualify as an 'Administrative Assistant'.

"3rd—Whether Mr. Santiago Sosa could be appointed to the office he claims without a special examination for such promotion in classification."

The Civil Service Commission answered the inquiry, as follows:

"After comparing the duties and obligations of the position of Officer in Charge of Payrolls, $3,000 annually, being held by Mr. Santiago Sosa, with those of the office of Administrative Assistant, in charge of Payroll Unit, $2,500 annually, according to the specifications submitted by you, the Commission reached the conclusion that they are not identical, the latter position being of new creation, higher than the former. With regard to Mr. Santiago Sosa's status, this Commission finds that he rests on a Typist test passed by him which would not render him capable of holding the new office. In order to achieve this, it would be indispensable that Mr. Santiago Sosa passed a noncompetitive test of proper classification, which could only be offered by this body at the request of the appointing authority, in case the promotion of this employee to the afore-mentioned office is planned."

The petitioner having been notified, he instituted this mandamus proceeding against the Commissioner of Health and the Civil Service Commission praying that the former be ordered to give him possession, with retroactive effect to July 1, 1943, of the office of Administrative Assistant in Charge of Payroll Unit, and to order, besides, the payrolls corresponding to the payment of petitioner's salary for the

time he has been illegally deprived of his position, and that the latter vacate and annul the illegal decision or resolution entered by it stating that the petitioner has no status to hold the afore-mentioned office and to reinstate the petitioner permanently within the Classified Civil Service, entitling him to hold the office of Administrative Assistant in Charge of Payroll Unit.

The petition having been answered and the proper trial held, the lower court dismissed the petition on the grounds: (1) that although the petitioner had held positions within the Classified Civil Service, upon the basis of a typist test which he passed in 1928, he did not have a permanent status within said Classified Civil Service in order to hold the higher position of Administrative Assistant in Charge of Payroll Unit which he claims, without having taken an open competitive examination, pursuant to § 20 of the Civil Service Act and Rule XVI of the Rules of the Civil Service Commission and (2) that the duties and obligations of the position of Officer in Charge of Payrolls discharged by the petitioner were not the same as those assigned to the new office of Administrative Assistant in Charge of Payroll Unit.

The petitioner appealed and herein assigns as erroneous the findings of the lower court.

Even though the language used by the lower court gives the impression that it held that the petitioner had no permanent status within the Classified Civil Service, we entertain no doubt that the petitioner, ever since he passed in 1928 the typist test (his card says "typewriter") held various permanent positions within said Classified Civil Service, such as "clerk," "accountant," "paymaster & acct. off.," all of them in the Department of Health, from 1928 to 1942, and that under the system governing during those years, according to the testimony of Nicolás Durán, ex-Secretary of the Civil Service Commission, the petitioner was not required any other tests in order to hold the offices of a classification

higher than that of typist for which he had been examined. But this fact, in itself, is not prevailing in this case. The prevailing fact in our judgment, and which distinguishes this case from *Rosario* v. *Cuevas, Commissioner*, 60 P.R.R. 457; *Cruz* v. *Buscaglia, Treas.*, 61 P.R.R. 713, and *Cantellops* v. *Fernós, Commissioner*, 65 P.R.R. 749, is the fact that here the position of Officer in Charge of Payrolls held by the petitioner did not exist in the 1942–1943 budget, but was a position created by the Commissioner and paid out of federal funds, the U. S. Public Health Service, and said position was abolished when payment therefor out of said funds ceased. It was then that the Legislative Assembly, in the 1943–1944 budget, created (Laws of Puerto Rico, 1943, p. 998), within the Accounting Section, the following positions: "Administrative assistant in charge of payroll unit, $2,500; Three payroll officers, at $2,000 each, $6,000." There was not as in the *Rosario*, *Cruz*, and *Cantellops* cases, *supra*, an abolition in the budget of a position with a certain title and the creation of another with a different title, in a subsequent budget, but with the same duties of the abolished position. The case at bar falls under the doctrine of *Géigel* v. *Rivera*, *supra*, p. 128, wherein we decided that "The office held by the petitioner ceased to exist together with the law which created it" and that the new office created, although "similar" to the previous one, "that does not necessarily imply that it is the same office."

In like manner in the present case the position of Officer in Charge of Payroll ceased to exist when it was not included in the special budget paid out of federal funds, and the creation of new positions in the insular budget, even though any one of them were similar to the previous one, does not mean that it is the same position.

The main question to decide is whether the petitioner could demand that he be appointed for the new office of Administrative Assistant in Charge of Payroll Unit on the

ground that he was within the Classified Civil Service under a typist test and despite the fact that he had approved no other competitive or non-competitive test [3] in order to hold the various offices of higher classification than that of clerk which he held in the Department of Health. The fact that he was appointed to those offices did not entitle him to demand that he be appointed to the new office if, as decided by the Civil Service Commission, his status within the Classified Civil Service did not qualify him to discharge it without having previously taken the proper examination and if there were in the Commission, as it was proved (defendant's exhibit D), employment eligibility lists for the positions of First and Second Administrative Assistant.

■ It was furthermore proved that the established practice in order to classify newly-created offices was that the Civil Service Commission accepted, without further investigation, the obligations and duties fixed for said positions by the appointing officer and that, in this case, the Commissioner of Health submitted to the Commission the specifications cor-

---

[3] Section 20 of the Civil Service Act of 1931, insofar as pertinent, provided:

"Promotions.—The commission shall, as far as practicable and useful, hold competitive tests or examinations for promotion in the classified service. In non-competitive tests efficiency and seniority shall be given due consideration."

Rule XVI of the Civil Service Rules provided as follows:

"Promotions Within the Service.—Vacancies in positions above the lowest class shall be filled wherever practicable, by promotion after competitive tests. The Commission, after receiving such recommendations as the appointing authority desires to make, shall determine whether promotion or original entrance tests, or both, shall be held. When promotion tests are held, they shall be open only to such employees in the classified service who have served the required length of time designated in the public notice of the test in the department or organization unit in which the promotion is to be made, or in all or part of the department or organization units of the service, as the Commission may determine, and who possess at least the minimum qualification established or required for the position to which promotion is sought. In all cases the persons seeking promotion shall have served at least one year after permanent appointment in the next lower class or classes, as the case may be. The Commission may, in its discretion, authorize promotions upon non-competitive test."

responding to the new office of Administrative Assistant in Charge of Payroll Unit and that, upon the basis thereof, the Commission held that said office was different and of a higher classification than the one previously held by the petitioner and that the latter could not be appointed thereto without a previous competitive test. According to these facts, the lower court did not err in deciding that the petitioner's status within the Classified Civil Service did not qualify him to demand to be appointed to the new office. Cf. *Sárraga* v. *Treasurer of P. R. et al.*, 56 P.R.R. 855; *Rodríguez* v. *Buscaglia, Treas.*, 63 P.R.R. 470.

The judgment appealed from will be affirmed.

Mr. Justice Negrón Fernández did not participate herein.